UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTINA CLEAVER,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>TRANSNATION TITLE &<br>ESCROW, INC.<br>DBA FIDELITY NATIONAL TITLE<br>COMPANY; DOES I through X,<br><br>　　　Defendants. | Case No. 1:21-cv-00031-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Kristina Cleaver's Motion to Compel (Dkt. 25) and Defendant Fidelity National Title Company's Motion to Strike (Dkt. 31). For the reasons that follow, the Court will grant Ms. Cleaver's motion and deny as moot Fidelity's motion.

## BACKGROUND

Defendant Fidelity employed Ms. Cleaver as a Sales Executive from June 2019 to March 2021. Her compensation structure included some commission for real estate transaction orders that she closed with realtors. Fidelity tracks these closed orders using Softpro software.

From approximately June to December 2019, Ms. Cleaver was the Sales Executive for the Sweet Account, which included real estate agent Jeffrey Sweet and other real estate agents that worked in his group within Silvercreek Realty. According to Ms. Cleaver, the Sweet Account is one of Fidelity's biggest accounts.

The present litigation arises out of Fidelity's decision to remove Ms. Cleaver from the Sweet Account in December 2019. Ms. Cleaver claims she was removed because of her gender. Fidelity denies that allegation. In the present motion, Ms. Cleaver seeks to compel the production of 2021 Softpro closed orders for the Sweet Account.[1]

In addition, Fidelity asks the Court to strike five exhibits and affidavits attached to Ms. Cleaver's reply brief: Deposition of Phil Archer (Dkt. 30-1); Deposition of Tammie Knobloch (Dkt. 30-2); Email between Matt Steen and Dylan Eaton, November 5 and 9, 2021 (Dkt. 30-3); Affidavit of Kristina Cleaver (Dkt. 30-4); and Affidavit of Attila Csikos (Dkt. 30-5).

## LEGAL STANDARD

---

[1] *See* Plaintiff First Request for Production No. 23 ("Please produce all orders from Softpro [the program Fidelity uses to log transactions, etc] that have been opened and/or closed and showing all the revenue brought to Defendant by Sweet Team/Sweet Group, Silvercreek Realty, Homes of Idaho and any agents that worked with the Sweet Team/Sweet Group while they were associates of Homes of Idaho since the beginning of Defendant's business relationship with Sweet Team/Sweet Group, Silvercreek Realty, and Homes of Idaho.").

Federal Rule of Civil Procedure 26(b), as amended effective December 1, 2015, provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Rule 26 contains more specific limitations on discovery of electronically stored information:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify the conditions for the discovery.

Fed. R. Civ. P. 26(b)(2)(B).

Pursuant to Rule 37, a party seeking discovery may move for an order compelling production by a party who has failed to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3). While the moving party must make a threshold showing of relevance, see, e.g., *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352, (1978), the party resisting discovery carries the

"heavy burden" of showing specifically why the discovery request is irrelevant, unduly burdensome, disproportional to the needs of the case, or otherwise improper. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Further, "[t]his burden is a heavy one in employment discrimination lawsuits, where discovery rules are construed liberally so as to provide the plaintiff with 'broad access to the employers' records." *Lauer v. Longevity Med. Clinic, PLLC*, 2014 U.S. Dist. LEXIS 153397, 2014 WL 5471983 at *3 (W.D. Wash. Oct. 29, 2014) (citations omitted).District courts have broad discretion to determine relevancy. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

If the motion to compel is granted, the Court must, after opportunity for hearing, order the party whose conduct resulted in the motion, or attorney advising the conduct, or both, to pay the reasonable attorney's fees of the movant. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not make such order for fees if the moving party filed the motion before making a good faith effort to obtain disclosure without court intervention, the nondisclosure was substantially justified, or other circumstances would make the award of fees unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-ii).

If the motion is denied, the court may issue a protective order, and must, after providing an opportunity for hearing, order the moving party, or attorney, or

both, to pay the opposing party reasonable expenses including in opposing the motion. Fed. R. Civ. P. 37(a)(5)(B). The Court must not order such payment if the motion to compel was substantially justified, or other circumstances make the award of fees unjust. *Id.*

## ANALYSIS

### A.   Relevancy

The first and primary question is whether the 2021 Sweet Account closed orders are relevant. Ms. Cleaver has made the requisite threshold showing. Her theory of the case is that defendant removed her from the Sweet Account because of her gender. Therefore, she argues, her damages include the bonuses she would have received from her work on the Sweet Account but for the alleged sex discrimination. The 2021 Sweet Account closed orders provide a factual basis for that damages allegation. That is more than enough to meet the liberal standard for relevance in a motion to compel.

Fidelity's arguments to the contrary are legal arguments about Ms. Cleaver's claim for damages and do not actually rebut the threshold showing of relevance. For instance, Fidelity may be right that Ms. Cleaver's claim for damages is too speculative, but this motion is not the appropriate vehicle for that substantive argument. Similarly, Fidelity may prevail in its argument that Ms. Cleaver's

damages cutoff in March 2021, but again, that does not show the evidence is not relevant. And the fact that Ms. Cleaver already has closed orders for 2020 does not alter the relevance of the closed orders for 2021.

In addition, Fidelity's argument that Ms. Cleaver waived this argument is wholly unfounded. *See Def. Br.* Dkt at 16. During the mediation, Ms. Cleaver's counsel clearly proposed a compromise that she could settle for the number of Sweet Group agents rather than the Closed Orders. The parties agreed to further discuss whether that compromise would work and, when it apparently could not, Ms. Cleaver brought this motion. With this background, Fidelity's contention that Ms. Cleaver waived this argument is troublesome, to say the least.  In any event, it is clearly wrong.

### B.     Proportionality

The next question is whether the request for the 2021 Sweet Account closed order is proportional to the needs of the case, considering the factors enumerated in Federal Rule of Civil Procedure 26(b)(1).

Here, four key factors weigh in favor of discovery. Most importantly, the Sweet Account closed orders are critical to substantiating a claim for damages. As for the parties' resources, Fidelity is a relatively large company able to bear the costs of such discovery. The company also has sole access to the requested

MEMORANDUM DECISION AND ORDER - 6

documents. Finally, eliminating unlawful discrimination is undoubtedly an issue of some importance. On the flip side, the amount in controversy in this litigation is relatively small. Plaintiff estimates that her damages are around $100,000. However, on balance, the discovery is proportional to the needs of the case.

The Court is also not persuaded that discovery is unduly burdensome. Fidelity first argues that discovery is burdensome because Ms. Cleaver is mishandling its confidential documents and information. Fidelity primarily takes issue with materials that Ms. Cleaver obtained before her employment ended, arguing that her conduct violates the rules of discovery, basic ethics, confidentiality clauses in her job offer letter and employee handbooks. This argument does not actually address the relevant issue. Fidelity does not identify *anything* which is actually burdensome specific to these allegations. If Fidelity wishes to pursue actions related to these alleged violations, it may certainly do so, but the Court is unable to connect the dots between Ms. Cleaver's past conduct and the current motion to compel.

Fidelity further takes issue with Ms. Cleaver's use of other closed orders in the litigation. Fidelity highlights confidential information produced during litigation, which has now been subject to a protective order. That point is moot because of the protective order. Fidelity also complains that Ms. Cleaver has

**MEMORANDUM DECISION AND ORDER - 7**

shared its confidential information with a retained expert, who is a local competitor in the local market. Here, the Court can see some potential problems—presumably a local competitor's access to confidential information could put Fidelity at a competitive disadvantage. But again, Fidelity does not connect those dots or make any argument about the burden that further discovery, even if shared with Ms. Cleaver's expert, would impose.

Fidelity also argues that gathering the 2021 Sweet Account closed orders will be unduly costly. But Fidelity does not give the Court any actual estimates about the resources required. Rather, Fidelity draws broad conclusions based on vague statements about the costs and time needed to review the closed orders and make redactions.

In short, Fidelity fails to meet its heavy burden of showing specifically why the Court should deny discovery. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### C.    Motion to Strike

Because the Court did not consider the materials attached to Ms. Cleaver's reply, the motion to strike is moot. *See Mt. View Hosp., L.L.C. v. Sahara, Inc.,* No. 4:07-cv-464-BLW, 2011 U.S. Dist. LEXIS 120023, at *32 (D. Idaho Oct. 17, 2011); *Hayes v. Dearborn Nat'l Life Ins. Co.*, No. 1:14-cv-00122-CWD, 2014 U.S.

Dist. LEXIS 101718, at *1 (D. Idaho July 22, 2014).

**ORDER**

**IT IS ORDERED that:**

1.  Plaintiff's Motion to Compel (Dkt. 25) is **GRANTED**.

    a.  Defendant must provide full and truthful amended responses to
        the First Request for Production 23 within ten (10) days of the
        date of this Order. Consistent with the Federal Rules of Civil
        Procedure, Defendant may redact information and accounts not
        relevant to Plaintiff's case.

2.  Plaintiff is entitled to attorney's fees she has incurred in attempting to
    obtain adequate interrogatory responses and document production to
    the First Requests. Plaintiff shall submit a brief detailing such
    attorneys' fees and costs within fourteen (14) days of the date of this
    Order, with the regular briefing schedule to follow.

3.  Defendant's Motion to Strike (Dkt. 33) is **DENIED AS MOOT**.

DATED: March 2, 2022

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9