UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTINA CLEAVER,<br><br>　　Plaintiff,<br><br>　v.<br><br>TRANSNATION TITLE & ESCROW, INC. DBA FIDELITY NATIONAL TITLE COMPANY; DOES I THROUGH X,<br><br>　　Defendants. | Case No. 1:21-cv-00031-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Defendant Fidelity employed Plaintiff Kristina Cleaver as a sales executive from June 2019 to March 2021. From approximately June to December 2019, Ms. Cleaver was the sales executive for the Sweet account, which included real estate agent Jeffrey Sweet and other real estate agents that worked in his group within Silvercreek Realty. According to Ms. Cleaver, the Sweet Account is one of Fidelity's biggest accounts.

The present litigation arises out of Fidelity's decision to remove Ms. Cleaver from the Sweet account in December 2019. Ms. Cleaver claims she lost the account because of her gender. Fidelity denies those allegations. Before the Court

**MEMORANDUM DECISION AND ORDER - 1**

is Plaintiff Kristina Cleaver's motion for partial summary judgment. Dkt. 57. For the reasons explained below, the Court will deny the motion.

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). There must be a genuine dispute as to any *material* fact—a fact "that may affect the outcome of the case." *Id.* at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). In evaluating whether the moving party has met this burden, the Court must view the evidence in the light most favorable to the non-moving party and the Court must not make credibility findings. *Id.* at 255. Direct testimony

of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).

Once the moving party has met its burden, the non-moving party carries the burden to present evidence showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323. The non-moving party must go beyond the pleadings and show through "affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Id.* at 324.

## ANALYSIS

Ms. Cleaver's argument in favor of summary judgment is extremely straightforward. She argues that a recording of the December 10, 2019 conversation about her removal from the Sweet account makes it "clear" that Fidelity removed her from the account "because she's a woman."[1] Dkt. 57 at 7-8. She argues that because the "discrimination is blatant and unapologetic," the Court must grant summary judgment in her favor. *Id*.

However persuasive the recording may be, it is not the only evidence in the record about Fidelity's motivations for taking Ms. Cleaver off the Sweet account. Phil Archer, Tammie Knobloch, and Attila Csikos—the other three participants in

---

[1] The admissibility of the recording is hotly disputed, but the Court does not need to reach that issue to resolve the present motion.

**MEMORANDUM DECISION AND ORDER - 3**

the allegedly recorded December 10, 2019 conversation—all stated under oath that they believe the reason for the change was Jeffrey Sweet's preference for someone with building experience and concerns that Ms. Cleaver's boyfriend was a competing real estate agent. *See Archer Dep.* 15:17-23, Dkt. 57-5 ("[Mr. Sweet] told me he was uncomfortable with her relationship with her boyfriend at the time and whether or not she would be sharing any of her business – his business practices with her and that he had met another sales rep at a Builders Contractors Association meeting and was wanting to focus his business on builder services."); *Knobloch Dep.*, 9:22-10:14, Dkt. 57-4 ("Jeffery Sweet wanted to focus more on builder business and felt that he could do that with Attila, because that was a focus of Attila's as well and he also had mentioned that he didn't want to work with Kristina in the sense that he didn't feel like he could share his business plans, because she was dating a competitor . . . and didn't feel like you could trust he with what he wanted to do and have that not be shared."); *Csikos Dep.*, 13:12-17, Dkt. 59-5 ("[Mr. Sweet] said he wanted somebody to come in and provide expertise in regards to certain aspects, like conversations with builders, how to go after those builders, how to look up land, things of that nature."). Moreover, Mr. Archer explained that,

> Mr. Sweet never asked, requested, or demanded that Ms. Cleaver be removed from his and his group's account at the

**MEMORANDUM DECISION AND ORDER - 4**

> Company because she was a female, or any other reason related to her gender. Relatedly, the Company and I never transferred or reassigned the Sweet Group Account from Ms. Cleaver because she was female or for any other reason related to her gender. Moreover, I never told Ms. Cleaver (or anyone) that she was being transferred from the Sweet Group Account because she was female or for any other reason related to her gender. Rather, the Sweet Group Account was transferred or reassigned as a result of the request by the client, Mr. Sweet, and for the reasons he stated in our telephone conversation . . . .

Dkt. 59-2 at ¶ ¶ 9-10. Ms. Cleaver simply dismisses this evidence, characterizing the alternative reasons as an "obviously fabricated excuse" on Fidelity's part. Dkt. 62 at 4.

There is a clear genuine dispute of material fact about the reasons Ms. Cleaver was removed from the account. A fact finder could certainly interpret the recording as indicating that gender was a causal factor in Ms. Cleaver's removal from the Sweet Account. But a fact finder could also interpret the testimony of Mr. Archer, Ms. Knobloch, and Mr. Csikos to indicate that building experience and Ms. Cleaver's boyfriend were the exclusive causal factors. In other words, a fact finder's choice to give significant, little, or no weight to the recording would be determinative of their decision on this issue. The Court is prohibited from weighing evidence at the summary judgment stage. *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017). Accordingly, Ms. Cleaver's motion must be denied.

MEMORANDUM DECISION AND ORDER - 5

**ORDER**

**IT IS ORDERED that:**

1. Plaintiff's Motion for Partial Summary Judgment (Dkt. 57) is **DENIED**.

2. The Court will still hold the previously set hearing on January 19, 2023, but will address only Plaintiff's motion to add a punitive damages claim.

DATED: December 27, 2022

B. Lynn Winmill
U.S. District Court Judge