UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTINA CLEAVER,<br><br>        Plaintiff,<br><br>  v.<br><br>TRANSNATION TITLE &<br>ESCROW, INC. DBA FIDELITY<br>NATIONAL TITLE COMPANY;<br>DOES I THROUGH X,<br><br>        Defendants. | Case No. 1:21-cv-00031-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Defendant Fidelity employed Plaintiff Kristina Cleaver as a sales executive from June 2019 to March 2021. From approximately June to December 2019, Ms. Cleaver was the sales executive for the Sweet account, which included real estate agent Jeffrey Sweet and other real estate agents that worked in his group within Silvercreek Realty. According to Ms. Cleaver, the Sweet Account is one of Fidelity's biggest accounts.

The present litigation arises out of Fidelity's decision to remove Ms. Cleaver from the Sweet account in December 2019. Ms. Cleaver claims she lost the account because of her gender. Specifically, she says she was removed from the

**MEMORANDUM DECISION AND ORDER - 1**

account because Mr. Sweet requested Fidelity transition the account to a male sales executive. Fidelity denies those allegations. Instead, it claims the change was triggered by Mr. Sweet's preference for a sales executive with building experience and concerns that Ms. Cleaver's boyfriend was a competing real estate agent.

Before the Court is Plaintiff Kristina Cleaver's second motion to add a claim for punitive damages. Dkt. 56. For the reasons explained below, the Court will grant the motion.

**LEGAL STANDARD**

As the Court noted in a prior order, in the District of Idaho, the Court's jurisdictional basis determines the applicable standard for determining a motion to amend to add punitive damages. *Order*, Dkt. 51. Where the underlying claim arises under federal law, the motion is governed by Federal Rule of Civil Procedure 15. *Id.* However, where the court has diversity or supplemental jurisdiction over an underlying state law claim, state law determines the applicable standard. *Windsor v. Guarantee Tr. Life Ins. Co*., 684 F. Supp. 630, 633 (D. Idaho 1988); *see also Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims."). Here, because Ms. Cleaver seeks to add punitive damages to both her

federal and state law claims, the Court will apply both standards. *Collier v. Turner Indus. Grp., L.L.C.*, 797 F. Supp. 2d 1029, 1049 (D. Idaho 2011).

## DISCUSSION

Ms. Cleaver's claims for punitive damages under both federal and state law hinge on a conversation about her removal from the Sweet account. In its entirety, her proposed amendment to her complaint alleges that,

> Defendant's conduct memorialized in the recorded conversation of December 19, 2020 was fraudulent, oppressive, malicious, and outrageous, and the Defendant acted with a bad state of mind when it deliberately discriminated against Plaintiff on the basis of her gender when it removed her from the Sweet team account. Furthermore, Defendant engaged in its conduct with malice and with reckless indifference to Plaintiff's federally protected rights.

Dkt. 56-9 at ¶ 42. Curiously, Ms. Cleaver ties her claim directly to a certain piece of evidence—the purported recording of the conversation—rather than the underlying conversation itself. Likely because of that language, the parties have gone several rounds debating the admissibility of the recording. But the Court disagrees with both parties' implicit position that the recording must be admissible to grant plaintiff's motion to amend. Fidelity does not cite any authority for its position that Ms. Cleaver must show now that the recording would be admitted at trial. Rather, at this stage, it is sufficient for Ms. Cleaver to show that the evidence could be presented in some admissible form at trial—such as testimony regarding

the conversation from her and Mr. Csikos. Those witnesses' affidavits (Dkt. 56-3 and 56-4) stating that they were present for the conversation, reviewed the transcript, and find it accurate provide a sufficient basis for the Court to consider the conversation transcript for the purposes of this motion. Moreover, with the foundation of those affidavits, the recording likely has sufficient foundation to meet Rule 901's minimal requirements, although it would need to be admissible under the other rules of evidence as well. *See Fed. R. Evid.* 901(a) (evidence has sufficient foundation when there is "evidence sufficient to support a finding that the item is what the proponent claims it is.")

### A.    Federal Claim

Ms. Cleaver's motion was timely filed before the October 13, 2022 deadline to add a claim for punitive damages. *See Order Extending Litigation Deadlines*, Dkt. 53; *see also Order*, Dkt. 51 (finding that stipulations and orders changing the deadlines for dispositive motions also changed the deadlines for motions for leave to amend to add punitive damages). Thus, the motion to amend to add a claim for punitive damages as to the federal claims is governed by the liberal provisions of Rule 15(a) of the Federal Rules of Civil Procedure.

Rule 15 provides a party with leave to amend its pleadings as a matter of course, with the opposing party's written consent, or with "the court's leave." Fed.

**MEMORANDUM DECISION AND ORDER - 4**

R. Civ. P. 15; *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). A trial court should allow amendment under Rule 15(a)(2) "when justice so requires." *Id.* The Ninth Circuit directs courts to apply this policy with "extreme liberality." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1161 (9th Cir. 2021) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "In determining whether leave to amend is appropriate, the district court considers . . . four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id.* Although all of these factors are relevant, the "crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 2003). Generally, a court must make a determination "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, the first two factors weigh in favor of granting leave to amend. There is no bad faith or undue delay. As discussed previously, Ms. Cleaver first brought this motion at the close of discovery and before the deadline set by the Court's scheduling order.

Fidelity argues strenuously that the third factor, prejudice, weighs against

amendment. Over and over, Fidelity reiterates that this motion was brought after the close of discovery, *ergo* it is prejudicial. The connection between the two points, however, is not obvious. The proposed amendment does not introduce a new theory of liability *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 985-86 (9th Cir. 1999); *Parker v. Joe Lujan Enterprises, Inc.*, 848 F.2d 118, 121 (9th Cir. 1988). Fidelity fails to identify any discovery it would have sought had the claim been brought sooner.[1] Nor, for that matter, does Fidelity argue that the amendment would require the re-opening of discovery. Fidelity does cite to a stipulation that Ms. Cleaver would not testify, argue, discuss, or assert a claim for emotional distress in any manner in this case. But even then, Fidelity does not explain why the claim for punitive damages violates that stipulation or highlight any specific discovery that it would seek to defend against this claim. The Court does not see the two as incompatible. As discussed below, Title VII punitive damages claims hinge on the *defendant's* intent and mental state, not the plaintiff's. *See Ninth Circuit Model Civil Jury Instruction 5.5* (discussing defendant's conduct, but not its subjective effect on the plaintiff).

---

[1] At best, at oral argument, Fidelity argues that it would seek discovery related to its own policies and the related affirmative defense to punitive damages. But this evidence is already in Fidelity's possession. It would not need to reopen discovery to obtain its own materials.

**MEMORANDUM DECISION AND ORDER - 6**

Fidelity's argument that the motion to add a punitive damages claim was surprising and prejudicial rings hollow for two reasons. First, Plaintiff's complaint as originally drafted included a section that expressly "reserves this paragraph for the inclusion of a claim for punitive damages pursuant to 42 U.S.C. § 1981a." *Complaint*, Dkt. 1. Second, the scheduling order, set at the start of the litigation, clearly indicated that the Court would entertain motions for punitive damages months after the close of discovery. *Compare Order,* Dkt. 16 at 2 ("All dispositive motions, including motions for punitive damages, must be filed by April 15, 2022") *with id* at 3 ("All fact discovery must be completed by November 1, 2021."). Without more to show that granting Ms. Cleaver's motion will prejudice the defendants, Fidelity has failed to meet its burden to show prejudice. *DCD Programs, Ltd.*, 833 F.2d at 187.

The fourth and final factor – futility – also weighs in favor of amendment. A motion is futile under Rule 15(a)(2) when "the court determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016) (internal quotations and citations omitted). In conjunction with a Title VII claim, punitive damages may be awarded when a plaintiff "demonstrates that the [defendant] engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally

protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1); *see also*

*E.E.O.C. v. Wal-Mart Stores, Inc.*, 156 F.3d 989, 992 (9th Cir. 1998) ("An award

of punitive damages under Title VII is proper where the acts of discrimination

giving rise to liability are willful and egregious, or display reckless indifference to

the plaintiff's federal rights. Punitive damages may not be awarded, however,

where a defendant's conduct is merely negligent.").

      Ms. Cleaver makes sufficient allegations for a reasonable jury to find that

Fidelity was recklessly indifferent to her Title VII rights. This conclusion could be

drawn, for instance, from the allegations that Mr. Archer stated that there were no

issues with Ms. Cleaver's performance, but she had to be removed from the

account because she is a woman. Dkt. 56-2 at 1-5. Ms. Cleaver may or may not

succeed in proving these allegations, but Fidelity's arguments about the evidence's

admissibility, competing evidence, and a potentially available affirmative defense

are not persuasive at this juncture. Fidelity has not met its burden to show that

the amendment is futile. Ms. Cleaver may amend her complaint to add a claim for

punitive damages under federal law.

    **B.**    **State Claim**

      Next, the Court turns to Ms. Cleaver's proposed punitive damages claim

under state law. Idaho Code § 6-1604 governs the addition of a claim for punitive

damages to the state law claims. *Windsor v. Guarantee Tr. Life Ins. Co.*, 684 F.Supp. 630, 633 (D. Idaho 1988). At the pleading stage, the statute prohibits plaintiffs from claiming punitive damages in their initial complaints.[2] Instead, plaintiffs must, upon pretrial motion and a hearing, seek to "amend the pleadings to include a prayer for relief seeking punitive damages." I.C. § 6-1604(2). A court, in turn, should permit such an amendment only if, "after weighing the evidence presented, the court concludes that, the moving party has established at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." *Id.*

The Court treats the pleading-stage standard under § 6-1604(2) as somewhat analogous to the standard for Rule 50 motions at trial. *See, e.g., Bryant v. Colonial Surety Company*, 2016 WL 707339, at *3 (D. Idaho Feb. 22, 2016); *Estate of Kane v. Epley's Inc.*, 2017 WL 1158242 (D. Idaho March 28, 2017); *Murray v. City of Bonners Ferry*, 2017 WL 4318738, at *2 (D. Idaho Sept. 28, 2017). In deciding these motions, "the Court does not resolve conflicts in testimony or disputes of fact" and thus does not need to hold full-scale evidentiary hearings. *Sherwood v.*

---

[2] Fidelity argues that Ms. Cleaver has waived her right to seek state punitive damages claims because she did not reserve the right to do so. The statute does not include that requirement and Fidelity fails to cite any caselaw to support that contention.

**MEMORANDUM DECISION AND ORDER - 9**

*BNSF Railway Company*, 2018 WL 8619794 at * 4 (D. Idaho Sept. 28, 2018). Instead, the Court views all evidence in the light most favorable to the movant and gives the movant the benefit of all legitimate inferences, without assessing credibility. *Id.* So long as the movant shows that a reasonable jury could find, by clear and convincing evidence, the elements of a punitive damage claim under Idaho law, the movant is permitted to add such a claim.[3]

Under Idaho law, "[p]unitive damages are not favored . . . and should be awarded in only the most unusual and compelling circumstances." *Seiniger Law Office, P.A. v. N. Pac. Ins. Co.*, 145 Idaho 241, 249 (2008). The moving party must show that they can establish the "intersection of two factors: a bad act and a bad state of mind." *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 503 (2004). The bad act component requires showing that the defendant "acted in a manner that was

---

[3] In some cases, the Idaho Supreme Court has interpreted the state punitive damages statute in line with the Rule 50 approach. *See, e.g. Hall v. Hall v. Farmers Alliance Mutual Insurance Co.,* 145 Idaho 313, 319–20 (2008); *Gunter v. Murphy's Lounge, LLC*, 141 Idaho 16, 29–30 (2005). In other cases, however, it has interpreted the statute to require an evidence-balancing approach, which only allows a movant to add a claim for punitive damages the court finds that the movant is "reasonably likely" to actually obtain a punitive damages award. *Parks v. Safeco Insurance Co. of Illinois*, 160 Idaho 556, 563 (2016). The Court recently certified the question of interpreting the statute to the Idaho Supreme Court. *See Davis et al. v. Blast Properties Inc., et al.*, 1:21-cv-00218-BLW, Dkt. 68.

The Court is convinced that it has applied the right interpretation of Idaho Law to this case. If, however, the Idaho Supreme Court disagrees, the Court will welcome Rule 60 motion for reconsideration from defendants.

'an extreme deviation from reasonable standards of conduct, and that the act was performed by the defendant with an understanding of or disregard for its likely consequences.'" *Id*. at 502 (citing *Cheney v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 905 (1983)). The bad state of mind component requires showing "an extremely harmful state of mind, whether that be termed malice, oppression, fraud or gross negligence; malice, oppression, wantonness; or simply deliberate or willful." *Id*. Therefore, to prevail on her motion, Ms. Cleaver must prove that— viewing the evidence in the light most favorable to her—a reasonable jury could conclude, by clear and convincing evidence, that Fidelity's actions towards her constituted an extreme deviation from standards of reasonable conduct, which was done with knowledge of the likely consequences and an extremely harmful state of mind.

Ms. Cleaver meets this burden. As discussed above, the evidence, viewed in a light most favorable to the plaintiff, would support a finding by the jury that Fidelity removed her from an account expressly, explicitly, and solely because of her sex. That meets the bad act requirements. In the recording transcript, the discrimination is so direct that it constitutes an extreme deviation from the standards of reasonable conduct. The further discussion of how to transition the account away from Ms. Cleaver shows that Fidelity knew the likely consequences

**MEMORANDUM DECISION AND ORDER - 11**

and had an extremely harmful state of mind. Mr. Archer makes clear that the transition has to be made without telling the clients "the reason we are doing the transition" or discussing Mr. Sweet, Ms. Cleaver's gender, or Ms. Cleaver's boyfriend with the clients. Dkt. 56-2 at 10-12 ("I'm perfectly fine with that transition needing to happen. The three words that can't come out is Jeffery, girl, or pillow talk."); *see also id* at 19 ("[W]e are not going to tell them that Jeffrey's requested another sales rep. That's not going to happen."). The plain efforts to hide the discrimination demonstrate he was maliciously engaged in discrimination, which he knew would have harmful consequences. That is enough for the Court to grant Ms. Cleaver's motion.

**IT IS ORDERED that** Plaintiff's second motion to add a claim for punitive damages (Dkt. 56) is **GRANTED**.

DATED: February 3, 2023

B. Lynn Winmill
U.S. District Court Judge